IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CAROL L. GRAY PIZZUTO**,

        Plaintiff,

        v.                                                                                      **Civil Action No. 5:12-CV-63**
                                                                                                                           Judge Bailey

**ROBERT G. McCOID**, **OGDEN NEWSPAPERS, INC.**, **CASEY JUNKINS**, **TYLER REYNARD** and **WTOV, INC.**,

        Defendants.

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

Pending before this Court is Defendant WTOV, Inc.'s Motion to Dismiss, filed May 21, 2012 (Doc. 5).  On June 4, 2012, the plaintiff filed her Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 7).  Defendant WTOV, Inc. ("WTOV") filed its Reply Brief in Support of WTOV, Inc.'s Motion to Dismiss on June 11, 2012 (Doc. 9), rendering this Motion ripe for decision.

The plaintiff filed her *pro se* Complaint in this case on May 1, 2012, asserting jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. § 1367.  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  **Hertz Corp. v. Friend**, 130 S.Ct. 1181, 1193 (2010), citing **Arbaugh v. Y & H Corp.**, 546 U.S. 500, 514 (2006) (in turn citing **Ruhrgas AG v. Marathon Oil Co.,** 526 U.S. 574, 583 (1999)).

1

**Diversity Jurisdiction**

The plaintiff is a citizen of Ohio, while defendants McCoid, Junkins, and Reynard appear to be citizens of West Virginia, as would be Ogden Newspapers, Inc. With respect to defendant WTOV, Inc., the state of incorporation is Delaware. Under 28 U.S.C. § 1332, however, a corporation has two citizenships - the state of incorporation and the state of the principal place of business. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The plaintiff appears to contend that WTOV's principal place of business is West Virginia, while WTOV contends that the principal place of business is Ohio.

In *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010), the United States Supreme Court determined that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994); *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); see

also 13E Wright & Miller § 602.1, at 119.  When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.  *McNutt, supra,* at 189; 15 Moore's § 102.14, at 102–32 to 102–32.1."  *Id.*, at 1194-95.

In this case, the plaintiff has submitted no evidence concerning the principal place of business of WTOV.  She does argue in her Response that WTOV has its "principal place of business, sales, and news facilities located at WTOV, Riley Building, 14th and Chapline Streets, Wheeling, West Virginia, citing Plaintiff's, Exhibit 'A'."  Exhibit "A" consists of a photocopy of a Wheeling telephone book page listing numbers for WTOV.  The listing includes the following:

**WTOV TV 9** 9 Red Donley Plz Stbnvl     **Wheeling Tel No 232-0430**

WTOV TV 9 Closed Captioned 9 Red Donley Plz Steubenville
Toll Free-Dial 1 & Then                                                    800-847-9868

WTOV TV 9 News                                                               232-6930

WTOV TV 9 News Tipline  9 Red Donley Plz Steubenville
Toll Free-Dial 1 & Then                                                    800-999-9868

WTOV TV 9 Sales Riley Bldg Wheeling                          232-0241

In response, WTOV submitted the affidavit of its General Manager, Timothy McCoy, who stated that:

1.      WTOV, Inc.'s television station is located at 9 Red Donley Plaza, Mingo Junction, Ohio, and its mailing address is P.O. Box 9999, Steubenville, Ohio 43952.  All material broadcast by WTOV is broadcast from the station located in Ohio.

2.      WTOV is directed and managed from the location of the station in Ohio.  All WTOV employees are employed in Ohio.

     3.     WTOV maintains a satellite news bureau in Wheeling, West Virginia. Its operations there are directed from the station in Ohio.

Given the limited factual record and considering that the burden to establish federal jurisdiction is on the plaintiff, this Court must find that the plaintiff has failed to prove that the principal place of business of WTOV is other than Ohio. Accordingly, this Court finds that it lacks diversity jurisdiction in this case.

**Federal Question Jurisdiction**

The Complaint in this case (Doc. 1), contains eight claims. The "First Claim" asserts a claim for the intentional infliction of emotional distress, clearly a state law claim.

The "Second Claim" alleges a claim for intentional and reckless disregard of duty to the truth, again a state law claim.

The "Third Claim" alleges outrageous conduct, which is the same as the "First Claim," again a state law claim.

The "Fourth Claim" alleges a claim for the negligent infliction of emotional distress, a state law claim.

The "Fifth Claim" alleges a violation of the Civil Rights Acts, ostensibly a federal question claim.

The "Sixth Claim" asserts a violation of the Equal Protection Clause, again a federal question claim.

The "Seventh Claim" asserts a claim for abuse of process, as state law claim.

The "Eighth Claim" asserts a cause of action for declaratory relief, seeking a declaration that the defendants violated Title 42, §§ 1981-1985. This would also purport to be a federal question claim.

The "Sixth Claim" clearly cannot be maintained, inasmuch as there is no state action; all defendants are private persons and corporations. **Shelley v. Kraemer**, 334 U.S. 1 (1948) ("[The Fourteenth Amendment] erects no shield against merely private conduct, however discriminatory or wrongful."). "As only a state actor can violate the Fourteenth Amendment, *a fortiori* no implied right of action under the Fourteenth Amendment would exist against private citizens." **Webster Cty. Lumber Co. v. Wayne**, 61 Fed.Appx. 63, 66 (4th Cir. 2003) (unpublished).

The "Fifth Claim" and "Eighth Claim" attempt to implicate the Civil Rights Acts, 42 U.S.C. §§ 1981-1985, without specifying which specific provision is relied upon.

Title 42, Section 1981 prohibits racial discrimination in the making of contracts, in employment, and in other enumerated areas. The allegations of the Complaint are simply insufficient to implicate § 1981.

Similarly, § 1982 provides that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." There are no allegations in the Complaint which would implicate this provision.

With respect to § 1983, "[o]ne alleging a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 150 (1970); **Mentavlos v. Anderson**, 249 F.3d 301, 310 (4th Cir. 2001).

"The statutory color-of-law prerequisite is synonymous with the more familiar state-

action requirement-and the analysis for each is identical.  See **Lugar v. Edmondson Oil Co.,** 457 U.S. 922, 929 (1982) (stating '[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action "under color of state law" and the "state action" requirement of the Fourteenth Amendment are identical.'); **United States v. Price,** 383 U.S. 787, 794, n. 7 (1966);  **Dowe v. Total Action Against Poverty in Roanoke Valley,** 145 F.3d 653, 658 (4th Cir. 1998); **Moore v. Williamsburg Reg'l Hosp.,** 560 F.3d 166, 178 (4th Cir. 2009) ('The same analysis applies to whether an action was taken "under color of state law" as required by § 1983 and whether the action was state action.'); **Haavistola v. Cmty. Fire Co.,** 6 F.3d 211, 215 (4th Cir. 1993).

"It has been observed that '"merely private conduct, no matter how discriminatory or wrongful[,]"' fails to qualify as state action.  See **Mentavlos,** 249 F.3d at 301 (quoting **American Mfrs. Mut. Ins. Co. v. Sullivan,** 526 U.S. 40, 50 (1999)) (quoting **Blum v. Yaretsky,** 457 U.S. 991, 1002 (1982)).  This is so, in part, to '"preserve[ ] an area of individual freedom by limiting the reach of federal law" and "avoid[ing] impos[ition] [up]on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."'  **Edmonson v. Leesville Concrete Co.,** 500 U.S. 614, 619 (1991) (quoting **Lugar,** 457 U.S. at 936-37).  In sum, '"private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient."'  **Wahi** [**v. Chas. Area Med. Ctr.**]**,** 562 F.3d at 616 (quoting **DeBauche v. Trani,** 191 F.3d 499, 507 (4th Cir. 1999))."  **Phillips v. Pitt County Mem'l Hosp.**, 572 F.3d 176, 181 (4th Cir. 2009).

The Complaint in this case sets forth no facts to base a claim that any of the

defendants were state actors or acting under color of state law.

Title 42, section § 1985, the Ku Klux Klan Act, prohibits conspiracies to deprive a person of their constitutional rights. Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. **Great American Fed. Sav. & Loan Ass'n. v. Novotny**, 442 U.S. 366 (1979). "[I]n order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, *inter alia,* (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' **Griffin v. Breckenridge***,* 403 U.S. 88, 102 (1971), and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment,' **Carpenters v. Scott***,* 463 U.S. 825, 833 (1983)." **Bray v. Alexandria Women's Health Clinic**, 506 U.S. 263 (1993).

The Complaint in this case contains no facts that would fairly implicate this provision.

"Subject matter jurisdiction is not necessarily defeated by the possibility that the plaintiff's complaint might fail to state a cause of action. **Steel Co. v. Citizens for a Better Environment***,* 523 U.S. 83, 89 (1998). In other words, where a plaintiff alleges facts upon which relief could be granted pursuant to a federal question, a court should not dismiss for lack of subject matter jurisdiction. **Da Silva v. Kinsho Int'l Corp.,** 229 F.3d 358, 361-366 (2d Cir. 2000). However, subject matter jurisdiction based on a federal question will not exist where the federal claim is 'immaterial' or 'wholly insubstantial and frivolous.' **Steel Co.***,* 523 U.S. at 89." **Davis v. Yeager**, 2011 WL 3501753 (N.D. W.Va. August 10, 2011) (unpublished) (Stamp, J.).

In this case, this Court finds that the alleged federal claims are wholly insubstantial

and frivolous and are included "solely for the purpose of obtaining jurisdiction." **Steel Co.**, at 89.

Accordingly, this Court finds that it has neither diversity nor federal question jurisdiction.

For the reasons stated above, Defendant WTOV, Inc.'s Motion to Dismiss (**Doc. 5**) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the docket of this Court.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiff.

It is so **ORDERED**.

**DATED:** July 11, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE